James L. PRICE, Robert G. Price, Maud V. Glass, and James L. Price, Administrator of the Estate of Blanche V. Price, deceased, Plaintiffs in Error,

v.

CORPORATION COMMISSION of the State of Oklahoma and Continental Oil Company, Defendants in Error.

No. 40025.

Supreme Court of Oklahoma.

May 7, 1963.

James H. Ivy, Waurika, for plaintiffs in error.

Ferrill H. Rogers, Oklahoma Corporation Commission, John Wimbish, Oklahoma City, for defendants in error.

HALLEY, Vice Chief Justice:

On June 19, 1961, Continental Oil Company, hereafter called applicant, filed an application with the Corporation Commission of the State of Oklahoma, hereafter called the Commission, for an order creating the Chickasha Noble-Olson Sand Unit and prescribing a plan of unitization applicable thereto. It was heard on July 21, 1961. James L. Price, a working interest owner, appeared at the hearing, but presented no witnesses and did not cross-examine the applicant's witness. James L. Price, Robert G. Price, Maud V. Glass and James L. Price, Administrator of the Estate of Blanche V. Price, deceased will hereafter be referred to collectively as protestants or individually by name.

By its report and Order No. 46325, dated July 21, 1961, based on the hearing, the Commission granted the application, created the unit, and approved the plan of unitization. In the concluding paragraph of its order, the Commission ordered that the cause be continued until September 21, 1961, for the purpose of enabling applicant to secure ratification of the plan by the number of lessees and owners of record within the unit area as required by statute. The order further provided that the plan shall be and become effective upon ratification of the recommended plan of unitization by the required number of lessees and owners within the unit area, and the determination of that fact by subsequent order of the Commission.

On September 21, 1961, the matter came on for further hearing at which time applicant called one witness to prove that the plan had been ratified by the required number of lessees and owners within the unit area. James L. Price also appeared at this hearing. He did not cross-examine the witness and he did not present any witness in his own behalf. We did give oral notice

of intention to appeal if the "unit is granted."

On October 4, 1961, the Commission made its report and Order No. 46641 finding the plan of unitization had been ratified and that Order No. 46325 was, from and after October 4, 1961, fully effective for all purposes.

The protestants on October 6, 1961, filed written notice of intention to appeal from Orders No. 46325 and 46641 to the Supreme Court. Their petition in error with record attached was filed in this Court as Case No. 39,900 on November 29, 1961.

However, on October 19, 1961, applicant filed with the Commission an application for a supplemental order making effective the Commission's Order No. 46325, alleging that such supplemental order was needed because the transcript of the evidence presented September 21, 1961, "suggests the possibility of a technical argument to the effect that the evidence does not support the findings of fact in Commission Order No. 46641." This application for supplemental order was ordered set for hearing and proper notice for such hearing was given. But, before the matter came on for hearing, protestants filed an application on November 1, 1961, consenting to the reopening of the cause and requesting that the cause be reopened for the introduction of additional testimony bearing upon all matters involved in the creation and approval of the unit and alleging specifically that protestants "have additional engineering testimony which was not available to them" at the time of the prior hearing. This application of protestants was not ordered set for hearing by the Commission.

Thereafter on December 12, 1961, the Commission denied applicant's application for supplemental order by its report and Order No. 47465.

The applicant then filed an original proceeding in this Court (No. 39,923) on December 22, 1961, seeking a writ of mandamus against the Commission and the Commissioners individually requiring them to give notice as required by law and hold a hearing on applicant's application for supplemental order which had been filed on October 19, 1961, as stated above. An alternative writ of mandamus was issued by this Court on December 27, 1961, commanding the Commission to set the applicant's application for supplemental order for hearing, to hold a hearing thereon and to make a determination thereon prior to January 21, 1962, or that the Commission appear before the Court on January 5, 1962, to show cause for their refusal to do so.

On December 29, 1961, the Commission issued its order setting the matter for hearing on January 16, 1962. Notice of such hearing was published on December 30, 1961, as required by our statutes.

A hearing was had in this Court on January 5, 1962, upon the alternative writ of mandamus and thereafter on January 15, 1962, we issued a peremptory writ of mandamus commanding the Commission to hold the hearing on January 16, 1962, on applicant's previously filed application for supplemental order.

In accordance with the peremptory writ of mandamus and the notice previously published, a hearing of the Commission was had on January 16, 1962. Applicant presented evidence concerning ratification of the plan of unitization. Neither protestants nor their counsel appeared. The Commission made and issued its report and Order No. 47693 dated January 16, 1962, finding that the plan of unitization had been ratified by the required number of lessees and owners and ordered that the Commission's Order No. 46325, made and entered on July 21, 1961, was, from and after January 16, 1962, fully effective for all purposes.

Protestants have appealed from said Order No. 47693 to this Court and they state three propositions for reversal.

■ First, protestants argue that the Commission did not have authority to issue its Order No. 46325 and supplemental orders. Their only argument on this proposition is that there was no testimony before the Commission at the hearing on July 21,

1961, that the plan of unitization had been ratified by the number of lessees and owners as required by our statutes. This argument is abandoned by protestants in their reply brief in which they concede that Order No. 46325 was not a final order and could not become a final order until the plan of unitization was ratified by the required number of lessees and owners. Our statute, 52 O.S.1961 § 287.5, clearly provides that no order of the Commission creating a unit and prescribing a plan of unitization shall become effective until the plan has been ratified by the required number of lessees and owners, and until the Commission has made a finding either in the order creating the unit or after additional hearings, in a supplementary order that the plan has been so ratified.

■ Protestants' second proposition is that the Commission was without jurisdiction and violated due process of law in its hearing of January 16, 1962, by failing to give notice of said hearing to the protestants. Protestants admit in their brief, however, that notice was given by publication of such notice seventeen days before the hearing in a newspaper of general circulation printed in Oklahoma City, Oklahoma. This satisfies the notice requirements of our statute as found in 52 O.S. 1961 §§ 97, 287.6, concerning Commission hearings in this type matter. Cases cited by protestants are not in point because in those cases there was either no notice given or a different form of notice required than is required in the instant case.

■ Protestants' third proposition is that the Commission committed error in making and entering its final order dated January 16, 1962, without disposing of the protestants' motion to reopen which had been filed on November 1, 1961. Protestants cite cases wherein a trial court has rendered a default judgment against a party while a motion or pleading was on file and pending. Such cases are not analogous to the instant proceedings. Here, we have the situation where the Commission by Order

No. 46325 had created the unit and approved the plan of unitization after notice and upon hearing on July 21, 1961. Thus, that issue was heard and decided on that date. However, the plan was not to be effective until a determination was made by the Commission that such plan had been properly ratified. The matter was continued to September 21, 1961, for the purpose of a hearing to receive evidence and make a determination as to ratification. Protestants' application to reopen, filed November 1, 1961, was an application to introduce evidence upon the issue of the creation of the unit and approval of the plan of unitization. This issue, as stated above, had been heard and decided by the Commission on July 21, 1961. It is inherent in its Order No. 47693 making Order No. 46325 fully effective for all purposes that the Commission thereby denied protestants' motion to reopen. A request to reopen a matter for the introduction of additional evidence is addressed to the discretion of the Commission, and its ruling thereon will not be disturbed by this Court unless it clearly appears that the Commission abused its discretion. In the instant case there was no showing that protestants had used due diligence to have such evidence available at the hearing on July 21, 1961, or at the hearing on September 21, 1961. The protestants' application set out no facts to show what evidence was to be offered. They merely said that it would show that under the plan of unitization the protestants had not been given a fair, equitable and reasonable share of unit production. Such evidence is merely negative evidence which would not have required the Commission to have made a different finding as to protestants' share of unit production. And in their briefs, protestants admit that applicant made out a prima facie case. We have examined the record and it does not disclose that there was any abuse of discretion by the Commission in refusing to allow protestants' application to reopen the matter for the purpose of introducing additional testimony.

As no cause for reversal has been found in any of the assignments of error presented, the order herein appealed from is affirmed.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.

WILLIAMS, J., dissents.